The **TEXAS YOUTH COUNCIL,**
Appellant,

v.

The **STATE of Texas, Appellee.**

No. 12596.

Court of Civil Appeals of Texas, Austin.

Aug. 10, 1977.

Robert F. Salter, Texas Youth Council, Austin, for appellant.

Jed I. Oliver, Juvenile Court Staff Atty., Austin, for appellee.

SHANNON, Justice.

This appeal concerns the construction of Tex.Rev.Civ.Stat.Ann. art. 5143d, § 30 (1971). Appellant is the Texas Youth Council.

The juvenile court of Travis County committed David Ramirez to the care, custody, and control of the Texas Youth Council on August 16, 1976. Thereafter, the Youth Council administratively determined that pursuant to Art. 5143d, § 30, Ramirez was feeble-minded and returned Ramirez to the juvenile court of Travis County "for appropriate disposition."

On September 10, 1976, the juvenile court staff attorney for Travis County filed a motion with the juvenile court requesting that the court require Ramirez and the Executive Director of the Texas Youth Council to appear and the Executive Director to show cause why the Youth Council should not accept Ramirez and provide Ramirez with ". . . a program of constructive training aimed at rehabilitation and reestablishment."

The Youth Council filed no answer to the show cause motion, but the Executive Director appeared with counsel at the hearing. At the hearing the Youth Council called Robert Burl Cavin, a psychologist at the Youth Council's reception center in Brownwood, and Joseph S. Kugler, a psychiatrist retained by the Youth Council. Cavin testified that based upon the results of tests administered to Ramirez at the reception center, Ramirez had a "full-scale IQ of 55." Dr. Kugler testified that Ramirez was mentally retarded. The Youth Council by administrative rule has determined, for purposes of § 30, that "a full-scale I.Q. score of 59 or below shall be used in conjunction with other clinical criteria in the determination of mental retardation."

The juvenile court staff attorney called David R. Poole, a psychologist, who testified that Ramirez's scores on the tests indicated a "full-scale IQ of 71."

After the hearing, the juvenile court entered an order remanding Ramirez to the care, custody, and control of the Texas Youth Council.

█ The Council attacks the juvenile court's order by three points of error. The Council argues under its first and second points that pursuant to Art. 5143d § 30, its administrative determination that a delinquent child is mentally ill or feeble-minded is final. As a result, so argues the Council, the juvenile court was without jurisdiction in the show cause proceeding to consider and determine whether or not Ramirez was feeble-minded. We do not agree.

Article 5143d § 30 provides in pertinent part as follows:

"Sec. 30. Whenever the Youth Council finds that any delinquent child committed to it is mentally ill, feeble-minded or an epileptic, the Youth Council shall have the power to return such child to the court of original jurisdiction for appropriate disposition or shall have the power to request the court in the county in which the training school is located to take such action as the condition of the child requires."

Section 30 recognizes that delinquent children may be, or later may become, men-

tally ill or feeble-minded. In that event, and if the Council is of the opinion that the child is mentally ill or feeble-minded, § 30 empowers the Council to return the child to the committing court "for appropriate action" or to request the court in the county in which the training school is located to take such action as the condition of the child requires. "Appropriate action" of the committing court or of the court in the county of the training school necessarily entails an inquiry into the mental health of the child. If after hearing and from the evidence the court determines that the child is mentally ill or feeble-minded, an appropriate judgment should be entered pursuant to Art. 5547–1, *et seq.*, or Art. 3871b. If after hearing, however, the court is of the opinion from the evidence that the child is not mentally ill or feeble-minded, then the court is empowered to order the child returned to the care, custody and control of the Youth Council.

Because the Youth Council does not claim error in this particular, we express no opinion concerning the propriety of the show cause procedure employed by the juvenile court staff attorney in this cause to determine the mental condition of Ramirez. In this connection, we refer the parties to Tex. Family Code Ann. § 55.02 and § 55.03 (1975).

█ The Council's third point of error is that the court erred ". . . in holding that appellant could not administratively find D. R. to be retarded without prior judicial approval." The juvenile court's order did recite ". . . that the Texas Youth Council has caused the child's return to the committing county without fulfilling its Article 5143d mandate in that said child was declared to be mentally retarded within the prohibited area of the Statute by an administrative determination alone and without first submitting such matter for judicial determination to this Court or other Court of competent jurisdiction."

Contrary to the recitation in the juvenile court's order, Art. 5143d does not contemplate that the Youth Council first submit the matter of the mental condition of the child to the courts before making its administrative decision. Under the statute, the administrative determination that the child is mentally ill or feeble-minded is a condition precedent to the return of the child by the Council to the committing court or to the court in the county in which the training school is located. As written previously, the court, after hearing and taking evidence, then determines the mental condition of the child and enters the appropriate order. The recitation in the juvenile court's order, though erroneous, is not basis for reversal of the order.

The judgment is affirmed.